WILLIAM H. BALL
P.O. Box 90051
Henderson, NV. 89009
(951) 293-9498



UNITED STATE DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM H. BALL )<br>Plaintiff )<br> )<br>vs. )<br> )<br>EQUIFAX )<br>A Texas corporation, )<br>Defendant. )<br> ) | 2:23-cv-01817-GMN-DJA<br><br>COMPLAINT AND JURY DEMAND |

Plaintiff, William H. Ball (Ball) makes the following Complaint against Defendant:

1. Ball is currently living in Nevada, having moved from Hemet, CA. in May, 2023.

2. In early May 2023, Ball asked Academy Mortgage in Hemet, CA to research a loan to purchase a home in Las Vegas, NV. Academy Mortgage obtained a credit report from credit reporting agencies, including Equifax.

3. The credit reports from credit reporting agencies, including Equifax, had negative information in them concerning Ball being an authorized user on Sears and Barclay accounts for which Ball had never agreed to pay.

4. Ball wrote to Equifax stating that Ball had no legal duty to pay the accounts for which Ball was included as an authorized users and Ball had done nothing to agree to be

COMPLAINT

an authorized user and Ball's credit should not be affected by any accounts for which Ball was not legally responsible to pay.

6. Ball asked for a copy of his credit report from credit reporting agencies, including Equifax, and from those reports, believed Equifax and the other credit reporting agencies had removed the unauthorized users from his credit reports so he could search for a home in the Las Vegas, NV area.

7. Ball asked real estate agents to show him homes to purchase a home in the Las Vegas area. Ball found several homes for which he wanted to make an offer. One of the real estate agencies indicated that he had a company who could obtain a loan for Ball.

8. Ball met with Betty of Simplify Mortgage to apply for a loan to purchase a home in the Las Vegas NV. area. Betty asked Ball to return the next day to finalize what Betty could do for him and finalize the amount Ball could qualify for in his search for a home.

9. Prior to the appointment with Ball, Betty telephoned Ball and spoke with Ball's wife indicating that the credit reports, including the one from Equifax, contain negative information about Ball as unauthorized user and the scores were too low for Simplify Mortgage to grant Ball a loan.

10. Ball went to the appointment with Betty to discuss the information contained in Ball's credit reports, including one from Equifax, contained negative from a Sears credit card account and Barclays credit card account indicating that Ball's credit rating was reduced due to Ball being added to those accounts as an authorized user.

11. Ball did not agree, in writing nor otherwise, to be responsible for any charges nor payments due on the Barclay or Sears accounts owned by Michele S. Ball.

12. Equifax knew or have known, Ball was not legally or otherwise responsible, for Barclay or Sears accounts belonging to Michele S. Ball.

13. Ball contacted Equifax asking Equifax to remove the negative information from Ball's credit report which lowered his credit score because of his inclusion as an authorized user on the accounts exclusively belonging to Ball's wife, Michele S. Ball.

COMPLAINT

14. Ball was not legally nor otherwise responsible to pay any debts owed to Sears or Barclays for an account belonging to Michele S. Ball. Equifax had no legal reason to include these accounts on Ball's credit report.

15. Equifax knew or should have known that Ball had had no duty, legal or otherwise, to pay or be responsible for the debts to Barclays or Sears created by Michele S. Ball.

16. As a result of the Equifax credit reports containing misleading or false information, Ball was unable to purchase a home in Las Vegas because neither Simplified Mortgage nor Academy Mortgage could get a loan for Ball.

17. Ball was interested in, and otherwise qualified, to purchase a home in the $300,000-$350,000 range but was unable to make such a purchase because of the misleading and false information Equifax included in Ball's credit report.

18. Ball has been forced to rent a small apartment for more than $1400 per month instead of purchasing a home in Las Vegas, NV.

19. The homes, Ball was interested in purchasing, have gained in value by thousands of dollars per month adding that amount to the amount that Ball has been damaged by the misleading information Equifax included in its credit report.

20. Equifax knew or should have known that Ball was not responsible for the debts included in Ball's credit report and Equifax continued to include them in Ball's credit report even after being informed of the fact that Ball was not responsible for the debts as an authorized user on the Sears and Barkley accounts.

21. Pursuant to the Fair Credit Reporting Act, Equifax is liable to Ball for actual damages for fraudulently reporting that Ball was responsible for accounts for which Ball had no legal responsibility to pay. The actual damages will be proved at trial but not less than $300,000.

22. Pursuant to the Fair Credit Reporting Act, Equifax is liable to Ball for exemplary damages in an amount to be proved at trial but not less $300,000 for its actions

in including accounts in Ball's credit report for which Ball was not responsible and failing to remove those accounts when informed of the error.

WHEREFORE. Ball prays for judgement against Equifax as follows:

A. Actual damages in an amount to be proved at trial but not less than $300,000,

B. Punitive damages in an amount to be proved at trial but not less than $300,000,

C. Court costs including attorney fees.

D. Dated this 6 day of November, 2023.

*William H. Ball*

William H. Ball,

Plaintiff

## JURY DEMAND

Plaintiff, William H. Ball, hereby, demands a trial by jury in the above Complaint.

Dated this 6 day of November, 2023.

*William H. Ball*

William H. Ball

COMPLAINT