UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM H. BALL, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:23-cv-001817-GMN-DJA |
| vs. ) | |
| ) | **ORDER GRANTING MOTION TO** |
| EQUIFAX INC., ) | **DISMISS** |
| ) | |
| Defendant. ) | |
| ) | |

This case arises from Defendant Equifax, Inc.'s alleged violations of the Fair Credit Reporting Act. Pending before the Court is Equifax's Motion to Dismiss, (ECF No. 8). Plaintiff William H. Ball filed a Response, (ECF No. 13), to which Equifax filed a Reply, (ECF No. 15). The Court **GRANTS** the Motion to Dismiss because Equifax is not a consumer reporting agency subject to the FCRA.

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The Fair Credit Reporting Act ("FCRA") imposes duties on consuming reporting agencies. *See* 15 U.S.C. § 1681 *et seq.* The FCRA defines a consumer reporting agency as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C.A. § 1681a.  That is, for a plaintiff to state a claim under the FCRA, the defendant must be "in the business of assembling or evaluating consumer information for the purpose of preparing consumer reports." *Slice v. Choicedata Consumer Servs., Inc.*, No. 3:04-CV-428, 2005 WL 2030690, at *3 (E.D. Tenn. Aug. 23, 2005).

Other courts have found, as a matter of law, that Equifax "is not a consumer reporting agency subject to the requirements of the FCRA." *Greear v. Equifax, Inc.*, No. 13-11896, 2014 WL 1378777, at *1 (E.D. Mich. Apr. 8, 2014); *see also Slice*, 2005 WL 2030690, at *3; *Ransom v. Equifax Inc.*, No. 09-80280-CIV, 2010 WL 1258084, at *1 (S.D. Fla. Mar. 30, 2010); *Channing v. Equifax, Inc.*, No. 5:11-CV-293-FL, 2013 WL 593942, at *2 (E.D.N.C. Feb. 15, 2013).  Equifax "is not a CRA, but rather is a holding company which does not own, receive, store, maintain, process, or otherwise exercise control over plaintiff's consumer credit information." *Channing*, 2013 WL 593942, at *2.  Thus, it appears that Plaintiff has sued the wrong party, and Plaintiff cannot state a claim against Equifax under the FCRA.[1]

///

---

[1] Plaintiff argues that Equifax is subject to the FCRA because it is in the business of providing credit reports to lenders. (Resp. at 1, ECF No. 13).  Plaintiff may have mistaken Equifax for one of its subsidiaries. *See Channing*, 2013 WL 593942, at *2 ("Defendant's subsidiary, Equifax Information Services LLC ('EIS'), is a consumer reporting agency ('CRA') as defined by the FCRA and maintains a consumer database including information regarding plaintiff.").  This Order does not preclude Plaintiff from suing the proper defendant.

**IT IS HEREBY ORDERED** that Equifax's Motion to Dismiss, (ECF No. 8), is **GRANTED**. Plaintiff's claim against Equifax is dismissed **with prejudice** because Plaintiff cannot state a claim against Equifax as a matter of law.

The Clerk's Office is kindly instructed to close this case.

**DATED** this __8__ day of May, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT